UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SKYWEST AIRLINES, INC., FLIGHT ATTENDANT
FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR
LITIGATION                                                                                          MDL No. 2916

ORDER DENYING TRANSFER

**Before the Panel**: Defendant SkyWest Airlines, Inc., moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois. The litigation consists of three actions pending in two districts, as listed on Schedule A. Plaintiffs in the *Hirst* and *Tapp* actions support centralization, but only in the Northern District of California.[1] Plaintiffs in the *Wilson* action oppose centralization and, alternatively, propose the Northern District of California as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The actions undoubtedly share factual questions arising out of allegations that defendant SkyWest's compensation system for flight attendants results in a failure to pay flight attendants for all hours worked in violation of state and local labor laws.[2] But where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendant has failed to do so in these circumstances.

The three actions before us are not complex, and there are few involved counsel. Plaintiffs are represented by two groups of counsel. And the sole defendants, SkyWest Airlines, Inc., and its parent company SkyWest, Inc., are represented by the same counsel in all actions. Moreover, plaintiffs' counsel represent that they are willing to informally coordinate any overlapping discovery and other pretrial proceedings. In these circumstances, informal coordination is a practicable

---

[1] In the Panel briefing, plaintiffs in *Hirst* and *Tapp* opposed creation of an MDL on the ground that transfer of the actions to a single district under Section 1404 was a preferable alternative, and they had filed motions seeking Section 1404 transfer to the Northern District of California. Subsequently, on September 24, 2019, their Section 1404 motions were denied. At oral argument, their counsel represented that, in light of that ruling, they now support centralization under Section 1407 in the Northern District of California.

[2] Two of the three actions originally brought claims on behalf of a nationwide collective under the Fair Labor Standards Act. The FLSA claims were dismissed two years ago, and the dismissal recently was affirmed on appeal. Thus, there are no longer any FLSA claims pending.

-2-

alternative to centralization.[3] Additionally, informal coordination is preferable in this litigation given significant differences in three of the four proposed state classes and in the asserted state law claims.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Lewis A. Kaplan        Ellen Segal Huvelle
R. David Proctor       Catherine D. Perry
Karen K. Caldwell      Nathaniel M. Gorton

---

[3] *See In re Dollar Tree Stores, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011) (denying centralization of four actions alleging wage and hour law violations, explaining that they were "not particularly complex" and "informal cooperation to avoid duplicative proceedings is appropriate where most plaintiffs share counsel").

**IN RE: SKYWEST AIRLINES, INC., FLIGHT ATTENDANT FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION**          MDL No. 2916

## SCHEDULE A

<u>Northern District of California</u>

WILSON, ET AL. v. SKYWEST AIRLINES, INC., ET AL., C.A. No. 3:19-01491

<u>Northern District of Illinois</u>

HIRST, ET AL. v. SKYWEST AIRLINES, INC., ET AL., C.A. No. 1:15-02036
TAPP, ET AL., v. SKYWEST INC., ET AL., C.A. No. 1:15-11117